ROTHENBERG, J.
(concurring in result only).
I write this concurring opinion to address the majority’s improper reliance on section 90.404(2)(a), Florida Statutes (2006), which codifies the general rule of admissibility of similar fact evidence. The testimony of prior incidents that was introduced in the defendant’s trial was not similar fact evidence and thus section 90.404 does not apply. The statute that applies to the evidence introduced in this case is section 90.402.
Section 90.402 provides that “[a]ll relevant evidence is admissible, except as provided by law.” Relevant evidence is defined in section 90.401 as “evidence tending to prove or disprove a material fact.” Section 90.403, however, limits the admissibility of relevant evidence if “its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” Thus, evidence of prior bad acts not included in the charged acts, which is generally referred to as “collateral crimes evidence,” may be admissible if relevant (tends to prove or disprove a material fact) as long as its probative value is not substantially outweighed by its prejudicial effect.
Section 90.404, the statute the majority relies on, relates to a specific type of collateral crimes evidence not relevant to this appeal. Section 90.404 addresses the admissibility of similar fact evidence, commonly referred to as “Williams[2] rule evi *805 dence.” Similar fact Williams rule, 90.404 evidence is evidence that is totally unrelated to the charged offenses and in the federal system, this type of evidence is referred to as “extrinsic evidence.” See Dorsett v. State, 944 So.2d 1207, 1212 (Fla. Bd DCA 2006). Because the introduction of extrinsic evidence creates the risk that a conviction may be based on the defendant’s bad character or propensity to commit crimes, rather than on proof that he committed the charged offense, Robertson v. State, 829 So.2d 901, 907 (Fla.2002); Heuring v. State, 513 So.2d 122, 124 (Fla.1987), superseded by statute on other grounds, § 90.404(2)(b), Fla. Stat. (2002), before introducing such evidence, the State is required to provide the defendant with notice of its intent to rely on this evidence at trial, and thereafter, the defendant is given the opportunity to challenge its admissibility. Dorsett, 944 So.2d at 1212.
In contrast, the State is not required to provide notice to the defendant of its intent to rely on relevant evidence admitted under section 90.402, see Hunter v. State, 660 So.2d 244, 251 (Fla.1995), and under section 90.402, the evidence need not be similar fact evidence.
The collateral crimes evidence introduced in the defendant’s trial was properly introduced under section 90.402 because it was relevant to prove a material fact and to disprove the defendant’s theory of defense, and because its probative value was not outweighed by its prejudicial effect. I therefore agree with the majority that the trial court did not abuse its discretion in admitting the evidence at trial. I simply disagree with the majority’s reliance on section 90.404 in its analysis leading up to this conclusion.

. Williams v. State, 110 So.2d 654 (Fla.1959).